IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
APR 2 6 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

**LATASHA DAVIS**
2122 Bellflower Way, Apt. 203
Chesapeake, VA 23323

**TAWANDA RICKS**
3 Muckle Court
Portsmouth, VA 23701

CIVIL ACTION No.: 2:16cv206

**LACY KINCHEN**
1312 S. Tomcat Court
Virginia Beach, VA 23454

TRIAL BY JURY DEMANDED

**FRANCES CUFFEE**
3257 Green Lakes Drive
Virginia Beach, VA 23452

**STEPHANE GASSANT**
5251 Johnstown Lane
Virginia Beach, VA 23464

**LISA SORRELL-BICKLEY**
1014 Wilcox Avenue
Portsmouth, VA 23704

**SHONTÁLÁ HOLLAND-HARRELL**
416 West 35th Street
Norfolk, VA 23508
Individually and on behalf of all similarly situated individuals,

    Plaintiffs,

v.

**BT AMERICAS, INC.,**

    Serve: Corporation Service Company,
            Registered Agent
            Bank of America Center, 16th Floor
            1111 East Main Street
            Richmond, VA 23219

| | |
|---|---|
| **BT CONFERENCING, INC.,**<br><br>   Serve:  Corporation Service Company,<br>            Registered Agent<br>            Bank of America Center, 16th Floor<br>            1111 East Main Street<br>            Richmond, VA 23219<br><br>and<br><br>**MANPOWERGROUP US INC.,**<br><br>   Serve:  CT Corporation System<br>            4701 Cox Road, Suite 285<br>            Glen Allen, VA 23060<br><br>**Defendants.** | |

## COMPLAINT

The Plaintiffs, Latasha Davis, TaWanda Ricks, Lacy Kinchen, Frances Cuffee, Stephane Gassant, Lisa Sorrell-Bickley and Shontálá Holland-Harrell (hereinafter "Plaintiffs"), by counsel, state as follows for their Complaint against the Defendants, BT Americas, Inc. ("BT Americas"), BT Conferencing, Inc. ("BT Conferencing"), and ManpowerGroup US Inc. ("ManpowerGroup") (hereinafter collectively "Defendants") on behalf of themselves, individually, and all others similarly situated:

### NATURE OF THE CASE

1. This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201, et seq., which provides that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours in a workweek.

2

2. This case presents a collective action under 29 U.S.C. §216(b) of the FLSA in which Plaintiffs seek declaratory relief, injunctive relief and relief for unpaid overtime compensation and liquidated damages for themselves and others similarly situated.

3. Specifically, Plaintiffs and the putative Collective Action Class contend that Defendants violated the FLSA by knowingly suffering and permitting them to work more than 40 hours per week without paying them overtime compensation at a rate of one and one-half times their regular rate of pay.

4. Former and current employees of Defendants may file written consents to join this representational action under the FLSA. Each of the named Plaintiffs in this Complaint has filed their written consent herewith.

## **PARTIES**

5. Defendant, BT Americas is a Delaware Corporation that operates internationally and provides communications-related services, systems integration and is a products provider. BT Americas is authorized to do business in Virginia. It employs over 4,000 individuals. At all times relevant hereto, Defendant, BT Americas was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d).

6. Defendant, BT Conferencing is a Delaware Corporation that operates within the United States and provides audio, video and web collaboration services. BT Conferencing is authorized to do business in Virginia. It employs over 1,000 individuals globally. At all times relevant hereto, Defendant, BT Conferencing was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d).

7. Defendant, ManpowerGroup is a Wisconsin corporation and "operates a network of offices in 80 Countries and territories . . . ManpowerGroup partners with clients to accelerate

their business by providing the people and services that raise the quality, productivity and efficiency of their total workforce, including recruitment and assessment, training and development, workforce consulting, outsourcing and career management." http://www.manpowergroup.com/wps/wcm/connect/manpowergroup-en/home/about#.Vr15sb1rJhE. At all times relevant hereto, Defendant, ManpowerGroup was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d).

8. At all times relevant hereto, Defendants were an "employer" within the meaning of 29 U.S.C. §207(a)(1). Defendants were the Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d) at all times relevant to this matter.

9. Named Plaintiffs are residents of Virginia and are, or have been, employed by the Defendants directly and through ManpowerGroup as a joint employer. At all times relevant hereto, the Named Plaintiffs are employees who are, or have been, employed by Defendants directly and through ManpowerGroup as a joint employer within the meaning of the FLSA.

10. The Named Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendants who were employed by Defendants as telecommunication service representatives within the three year period immediately preceding the filing of this Complaint and those so employed currently and in the future (hereinafter, all Named Plaintiffs and all similarly situated employees of Defendants eligible to join this action shall be referred to as "Plaintiffs").

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201, 2202.

12. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

13. Defendants' annual sales exceed $500,000.00 and each has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendants' telecommunication service representatives engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

14. Defendants are subject to personal jurisdiction within the Commonwealth of Virginia and conduct substantial business within the Norfolk Division of the United States District Court for the Eastern District of Virginia. Defendants conduct business at 1434 Crossways Boulevard, Ste. 200, Chesapeake, VA 23322. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

## COLLECTIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

15. The Plaintiffs file their statutorily authorized collective action pursuant to 29 U.S.C. §216(b) as Representative Plaintiffs. Plaintiffs each consent to become party Plaintiffs in this representative FLSA action as evidenced by Plaintiffs' written consents filed herewith.

16. The Defendants have employed, and continue to employ, telecommunication service representatives, many performing the same job functions and job descriptions as those performed by the Plaintiffs. The Plaintiffs and all similarly situated telecommunications service representatives have performed, and/or continue to perform, work which entitles them to payment of overtime compensation that they have not received.

17. The Defendants have compensated the Plaintiffs and those similarly situated pursuant to a common, uniform compensation scheme and pursuant to the same or closely similar wage payment practices.

18. The Defendants' payroll operations are centrally managed and the Plaintiffs are subject to common, uniform time-keeping and payroll practices. The Defendants have

established uniform payroll policies governing the tracking, recording and payment of overtime compensation which applied to all Plaintiffs in the performance of their duties as telecommunication service representatives for the Defendants at all times relevant to this action.

19. Plaintiffs assert that Defendants' willful disregard of the overtime laws asserted herein entitles the Plaintiffs and similarly situated employees to the benefit of the three year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitation.

## GENERAL FACTUAL ALLEGATIONS

20. The Defendants have employed, and continue to employ, Plaintiffs as telecommunication service representatives. Plaintiffs' duties have consisted of, and continue to consist of, the performance of conferencing services to customers throughout the United States and internationally. The Plaintiffs act as call operators establishing, conducting, monitoring and administering conference calls. They also perform ministerial paperwork associated with and related to their primary task of establishing, conducting, monitoring and administering conference calls.

21. The Plaintiffs were and continue to be non-exempt under the FLSA and paid hourly at all times relevant to this matter.

22. The Plaintiffs were and continue to be generally employed to work hours in excess of forty (40) hours in a seven (7) day work period. The Plaintiffs and other similarly situated employees worked, and continue to work, regularly scheduled work hours which recur week after week. Plaintiffs have been and continue to be frequently assigned extra duties and non-recurring types of work assignments.

23. 29 U.S.C. §207(a)(1) mandates that no employer shall employ any of its

employees for a workweek longer than forty (40) hours unless the employer pays the employee overtime compensation at the rate of not less than one and one-half times the regular hourly rate at which the employee is employed. This statute requires employers, including the Defendants, to pay its employees, including telecommunication service representatives, at one and one-half times their regular hourly rate of pay for all hours worked above and beyond forty (40) hours in a workweek.

24. Defendants routinely failed to pay the Plaintiffs overtime compensation at one and one-half times their regular hourly rate of pay for all hours worked over forty (40) hours in designated seven (7) day work periods in violation of the FLSA.

25. In addition to recorded work time that was not compensated in accordance with the FLSA, the Defendants have regularly failed to pay and/or deducted significant increments of time from the Plaintiffs' hours worked resulting in Plaintiffs not being paid overtime compensation for all time worked. The following are examples of unlawful and improper deductions from overtime worked and improper calculations that violate the FLSA and resulted in Plaintiffs not receiving overtime compensation to which they were entitled:

   a) the failure to record and compensate Plaintiffs for time spent logging into/out of Defendants' computer systems, including additional time bringing computers back up after they were shut down at end of a weekend shift;

   b) the failure to record and compensate Plaintiffs for time spent on breaks of less than 20 minutes – Defendants allowed two ten minute breaks a day called Aux 1 time and if Plaintiffs went over 10 minutes for any reason, they would be clocked out;

   c) the failure to record and compensate Plaintiffs for calls that continue after their regularly scheduled shift had ended.

        d)     Plaintiffs were subject to a deduction of time for a lunch break when no lunch break was afforded or lunch was eaten while working at their desks resulting in the Plaintiffs and other similarly situated employees not receiving overtime compensation for lunch break hours and other additional hours worked.

26.     Defendants failed to pay and record the time described in the preceding paragraph and, as a result, Plaintiffs were denied overtime to which they were entitled under the FLSA.

27.     Plaintiffs and other similarly situated employees have regularly worked other time for which they have not received overtime compensation in violation of the FLSA.

28.     Defendants continue to deny Plaintiffs and similarly situated employees overtime compensation to which they are entitled.

29.     Plaintiffs and other similarly situated employees worked, and were and are expected to work, hours in excess of their regularly scheduled forty (40) hours per week for which Defendants have failed and refused to pay overtime compensation in violation of the FLSA.

30.     The precise amount of compensation due each and every Plaintiff is unknown because the information required to precisely calculate same (i.e., time records, pay records, etc.) is within the exclusive control of the Defendants.

31.     Defendants' managers, supervisors and/or agents actually observed or had actual knowledge that the Plaintiffs worked substantial uncompensated overtime on a routine basis.

32.     Defendants knew or showed reckless disregard for the fact that their pay policies violated the FLSA and they committed the aforesaid violations willfully, recklessly and in bad faith.

33. Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees. Defendants failed to maintain accurate time records of the time Plaintiffs expended efforts on the Defendants' behalf. Moreover, the Defendants inaccurately recorded, reported and inaccurately paid Plaintiffs for numerous work periods.

34. Defendants have shown a reckless disregard for the FLSA's overtime requirements for their telecommunication service representatives. Although Defendants had an obligation to make proper inquiry into their FLSA compliance obligations, they failed to do so or, having inquired, they ignored or willfully attempted to avoid their legal obligations.

35. Defendants have not acted in good faith with respect to their failure to pay overtime compensation. Defendants had no legitimate or good faith reason to believe their actions and omissions were in compliance with the FLSA thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in amounts equal to the amount of unpaid overtime compensation described above.

## COUNT I

### *Violation of the Fair Labor Standards Act*

36. All allegations set forth in this Complaint are incorporated into this Count by this reference.

37. The FLSA requires covered employers such as the Defendants to compensate their telecommunication service representatives at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a week. The Defendants failed to do so.

38. Each of the Plaintiffs, and all those similarly situated, has performed work qualifying for payment of overtime pay under the FLSA, but for which they have not been paid.

39. As a direct, actual and proximate result of the Defendants' actions, each of the Plaintiffs has suffered significant economic loss.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and award the following relief:

1) Pursuant to the procedure of the United States Supreme Court set forth in *Hoffman-Larouche v. Sperling*, 493 U.S. 165, 110 S.Ct. 42 (1989), to certify this case as a representational, collective action and approve the sending of a notice and consent form to all employees whom Defendants employed in the position of telecommunication service representatives or any other similar, non-exempt position between April 26, 2013, and the present time informing each such individual of this lawsuit and the right to file a written consent to join this action;

2) An award of all overtime compensation due to each of them for all hours worked during the three years preceding the filing of this Complaint;

3) An award of an equal and additional amount as liquidated damages;

4) An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA in the future;

5) An award of all Plaintiffs' costs and reasonable attorneys' fees;

6) Interest at the applicable legal rate accruing from each week compensation was not paid; and

7) All such other relief as the Court deems appropriate under the circumstances.

**TRIAL BY JURY DEMANDED**

The Plaintiffs request a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**LATASHA DAVIS, et al**

By: _____
Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
Jshoemaker@pwhd.com
jmessersmith@pwhd.com

Cindra Dowd, VSB No. 33819
Richard J. Serpe, VSB No. 33340
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
rserpe@serpefirm.com
cdowd@serpefirm.com

Date: April 26, 2016